UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL A. WHITE | CIVIL ACTION NO. 09-1408-P |
| VERSUS | JUDGE HICKS |
| STEVE PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Michael A. White ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on July 30, 2009. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and he alleges his civil rights were violated by prison officials. He names the Caddo Parish Sheriff's Department, Steve Prator, Robert B. Wyche and Al Salmon as defendants.

Plaintiff claims that since July 5, 2009, the food service conditions at Caddo Correctional Center have been unsanitary. He claims the food is contaminated by dirt, water and/or chemicals found on the food trays after they are removed from the dishwasher. He claims the water from the dishwasher stays on the trays between meals and overnight. He claims the food is then placed on the trays and mixed with the contaminated water. He

claims he can taste the contaminated water with his food.

Plaintiff also claims that loading carts are used to transport the food trays to the dorms. He claims the loading carts are contaminated because dirt and water are in the bottom of the loading carts and the food trays are loaded onto each other uncovered. Plaintiff claims inmates have suffered food poisoning because the water is contaminated with bacteria.

Accordingly, Plaintiff seeks injunctive relief and monetary compensation.

For the following reasons, Plaintiff's civil rights should be dismissed with prejudice.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be

sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Furthermore, this Court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979.

Finally, a prisoner must also allege an injury that is more than de minimis, although it need not be significant. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff's claim that the food trays are contaminated, is conclusory. His only allegation to support his claim is that the water from the dishwasher remains in the trays and the food tastes contaminated. He also claims the food carts are contaminated with dirty water and the food is uncovered. However,

Plaintiff has failed to allege that he has personally suffered food poisoning or any other ill effects to his health because of these conditions. Thus, Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim that he was exposed to an excessive risk to his health or safety.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint should be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 3rd day of February 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE